## Lawrence Savings & Trust Company v. John B. Thorson Co. (et al., Appellant).

Argued October 1, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. Norman Martin,* with him *Harvey E. Martin* and *Norman A. Martin,* of *Martin & Martin,* for appellant.

*William J. Caldwell,* of *Hugas & Caldwell,* for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 26, 1934:

On April 27, 1933, the Lawrence Savings & Trust Company, appellee, issued writs of scire facias to revive and continue the lien of three judgments entered by it, one on April 28, 1928, and two on April 30, 1928, against James L. Maxwell and others. David John, the present owner of a parcel of real estate, title to which was in Maxwell at the time of entry of the judgments, has appealed from the order of the court below entering judgment on the scire facias to revive the judgment of April 28, 1928. The case was submitted to the court below on an agreed statement of facts which may be briefly summarized as follows:

James L. Maxwell, on and before April 28, 1928, was the owner in fee simple of two pieces of real property situate respectively in Third and Fourth Wards of the City of New Castle, both of which were encumbered by mortgages duly recorded. The Fourth Ward property, the one here in controversy, was subject to a first mortgage of $2,500, given on June 17, 1925, to William J. Sweeney and wife but assigned to David John on June 30, 1925. A second mortgage on the same property in the amount of $1,700, was also given on June 17, 1925, to Elmer A. Gallagher. As already stated, judgment was entered on April 28, 1928, by the Lawrence Savings & Trust Company against John B. Thorson Company, John B. Thorson and J. L. Maxwell, defendants. On May 23, 1928, Maxwell filed his petition and was ad-

judged a bankrupt, and on June 27, 1928, a trustee was elected to administer his estate for the benefit of creditors. On January 10, 1929, the trustee presented a petition to the referee in bankruptcy for authority to disclaim and renounce the two pieces of real estate referred to above, stating that in his opinion there was no equity in either property for the creditors by reason of the prior existing encumbrances on each. The petition was approved and order duly made permitting the disclaimer. Title to the Fourth Ward property subsequently became vested in David John by means of a conveyance dated April 2, 1929, from Maxwell and his wife to Gallagher, who in turn, on October 1, 1931, conveyed to John. The record title to the other property, situate in the Third Ward of the City of New Castle, is now in Emma Ferry Maxwell, wife of J. L. Maxwell, by means of a deed from Helen Warnock, under date of February 11, 1929, the latter having obtained the property the same day by conveyance from Maxwell with joinder of his wife. The trust company had notice of the bankruptcy proceedings and made proof of its judgments as claims against the estate.

The determination of the question of whether or not the judgment of April 28, 1928, should be continued as a valid lien against the real estate held by the bankrupt on the above date, involves consideration of section 67f of the National Bankruptcy Act of 1898. This section provides "that all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment or other lien, shall be preserved for the benefit of the estate; and thereupon the

same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

Appellant contends the effect of this section is to make null and void the judgment of April 28, 1928, because it was entered against Maxwell within four months of the time he was adjudged bankrupt, and that accordingly there is no valid lien to continue. After careful consideration of this question we are convinced this argument cannot prevail. Although there are no decisions in this State which rule on facts comparable to those now before us, and we have been referred to no decision of the Supreme Court of the United States which is a binding precedent, there are cases from other jurisdictions applicable to this situation and in our opinion decisive of the issue here.

In Martin v. Green Lake State Bank, 208 N. W. 21, the Supreme Court of Minnesota had before it a state of facts precisely similar to the case at bar with the exception that the judgment creditor did not file a claim in the bankruptcy proceedings. It was there held that the bankrupt is relieved from further personal liability on the judgment but that the lien continues against the property. The same result was reached in Kobrin v. Drazin, 97 N. J. Eq. 400, and in McCarty v. Light, 155 App. Div. 36, although in the latter case LAMBERT, J., filed a vigorous dissenting opinion in which McLENNAN, P. J., concurred.

The principle enunciated in Chicago, Burlington & Quincy R. R. Co. v. Hall, 229 U. S. 511, and followed in many other cases, of which Peoples Nat. Bank v. Maxson, 168 Iowa 318, is typical, has no relation to the problem presented here. In the Hall Case the court was dealing with exempt property of the bankrupt, and in line with the spirit and purpose of the bankruptcy law, held that the garnishment attempted to be had of Hall's wages was null and void because obtained within the prohibited four months period.

Preservation of the lien of the judgment in the present case in no way works a hardship upon the bankrupt, for his discharge relieves him of all personal liability. Neither are the general creditors of the bankrupt prejudiced, for the trustee determined there was no equity in the real estate for them and relinquished his title. Assuming the trustee's opinion was correct, a public sale of these lands would not have created a fund in which the general creditors could have shared. We are of opinion appellant has no right to claim the benefit of section 67f of the Bankruptcy Act, inasmuch as the weight of authority holds that the effect of this section "is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy and those claiming under him, so that the property may pass to and be distributed by him among the creditors of the bankrupt": 3 R. C. L., section 115, page 291; 7 C. J., section 290, page 197. See also the discussion of this principle in First Nat. Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 593, 597.

Judgment affirmed.