Swope *v.* Turner, Appellant.

218

Argued June 14, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, and MONTGOMERY,
JJ. (WATKINS, J., absent).

*G. Clinton Fogwell*, with him *Reilly & Fogwell*, for
appellant.

*George L. Holstein, Jr.*, for appellees.

OPINION BY MONTGOMERY, J., September 16, 1960:

This appeal involves two questions. The first relates
to the revival of the lien of a judgment after it has
expired by the failure of the holder to institute revival
proceedings within five years after the time of its entry.
Although a judgment may lose its priority in relation
to other judgments and mortgages and lose its lien
entirely against property conveyed to innocent pur-
chasers for value under certain circumstances, it may

nevertheless be reinstated as a lien against remaining property by revival after five years from the date of its entry. Act of 1947, July 3, P.L. 1234, §4 (12 P.S. §880); *Cusano, Admrx. et al., Appellants, v. Rubolino et al.,* 351 Pa. 41, 39 A. 2d 906; *Sivak Estate,* 161 Pa. Superior Ct. 323, 53 A. 2d 858, aff. 359 Pa. 194, 58 A. 2d 456.

The second question relates to the effect on this judgment of a discharge in bankruptcy secured by one of the several defendants. The judgment was originally confessed in favor of the Myerstown Trust Company and against Clinton D. Turner, Catherine V. Turner, his wife, Rufus A. Swope, and Marguerite M. Swope, his wife, on a judgment note signed by all of the defendants. The note was dated March 24, 1953, and the judgment thereon was entered March 27, 1953, at No. 69 June Term, 1953. On May 8, 1953, the note and the judgment thereon were assigned by the Myerstown Trust Company to Rufus A. Swope and his wife, who are plaintiffs in this scire facias proceedings and also two of the defendants.

Clinton D. Turner, one of the defendants, has filed an answer alleging his discharge in bankruptcy as of November 9, 1954, after having listed in his statement of liabilities the claim on which the aforesaid judgment was entered, the filing of a proof of claim thereon by Rufus A. Swope (alone) and a payment to Rufus A. Swope of a pro rata dividend thereon, in complete satisfaction thereof.

Contrary to the contention of Clinton D. Turner, the lower court found that the claim which was listed in the bankruptcy proceedings was not the judgment under consideration but a judgment against Clinton D. Turner individually entered May 7, 1953, at 224 June Term, 1953, on a note signed by him to Rufus A. Swope alone as collateral for the note and judgment which had

been signed by and entered against the four parties. It thus appears that one of the joint defendants who later became one of the assignees of the judgment accepted a note as collateral from one of the other defendants, and subsequently collected on his collateral note a portion of the indebtedness indicated thereon through the bankruptcy proceedings. This did not affect the revival of the original judgment.

Under the facts of this case the wife of Rufus A. Swope also became an assignee of the judgment and thus a tenant by the entirety of it with her husband. In no way was she a party to the proof of claim in bankruptcy, nor did she participate in the pro rata distribution of assets of the bankrupt estate. That she was a material party in this transaction is borne out by the fact that she joined with her husband in signing another judgment note to the bank as consideration for the assignment of the judgment under consideration. That note was dated May 11, 1953, and judgment was subsequently entered thereon at 276 June Term, 1953. By this action she obligated herself and subjected her individual property, as well as the property she held as tenant by the entirety with her husband, for the payment of the judgment. She cannot be prejudiced by the act of her husband without her consent. *McGary v. Lewis*, 384 Pa. 173, 119 A. 2d 497. Consequently, under the same reasoning which prevents one tenant by the entirety from subjecting entirety real property to the lien of his or her personal indebtedness during the joint lives of both, one of two tenants by the entirety may not affect personal entirety property without the joinder of the other. *Kauffman v. Stenger*, 151 Pa. Superior Ct. 313, 30 A. 2d 239.

We deem it unnecessary to discuss the provability of the claim against Clinton D. Turner whether on the individual note or the joint one. If the debt he listed

was intended to be that which arose on the original joint note and not on the collateral note and he was discharged from the personal obligation attached to the joint indebtedness, he would still have the status of a tenant by the entirety, with his wife, in so far as property held jointly by them is concerned. Their entirety property was not part of the bankrupt estate; *Lunnen v. Hunter,* 348 Pa. 402, 35 A. 2d 292; and therefore his interest as a tenant by the entirety remained after the bankruptcy. The lien against this property was subject to revival regardless of the discharge of his personal liability for the debt. *Lawrence Savings and Trust Company v. John B. Thorson Company,* 316 Pa. 420, 175 A. 392.

We do not decide at this time whether the amount received by Rufus C. Swope from the bankruptcy proceeding should be applied to the judgment, or any matters relating to the right of contribution between the defendants. Those matters can be determined if and when an execution is issued on the judgment since the lower court has control of it. *Markofski v. Yanks,* 297 Pa. 74, 146 A. 569; *Cake v. Cake,* 192 Pa. 550, 43 A. 971.

However, we do decide that plaintiffs are entitled to a judgment of revival, and we affirm the action of the lower court in entering it.

Judgment affirmed.