## Reserve Loan Company of Warren v. Confer

R. *Pierson Eaton*, for plaintiff.

C. *Henry Nicholson*, for defendant.

FLICK, P. J., June 7, 1965. — Before the court is the petition of Rex P. Confer and Myrtle Confer, husband and wife, to open a judgment entered against them at August term, 1963, no. 27 in favor of Reserve Loan Company of Warren, and to let them into a defense.

On presentation of the petition, a rule was granted with stay of execution on the judgment. No answer was filed by Reserve Loan Company of Warren, but at the hearing on the petition testimony was given on behalf of said company, and certain exhibits were placed in evidence. It did not appear that any conflict of fact exists, and the issue is solely a question of law.

The legal arguments and briefs of counsel have been considered with the authorities cited; the record has been reviewed in the light of applicable law, and the matter will now be determined. The proven facts are as follows:

1. On December 7, 1961, Rex P. Confer and Myrtle Confer signed a judgment note for $600, payable to Reserve Loan Company of Warren in 24 monthly pay-

ments commencing January 7, 1962. This note contained the usual provision of confession of judgment.

2. On April 23, 1962, Rex P. Confer, whose real name is Raughland Perry Confer, filed a petition in bankruptcy. Included in the schedule of his creditors whose claims are unsecured is the Reserve Loan Company of Warren, his debt to which is shown as a loan made December 7, 1961, with balance due of $556.11.

3. On April 16, 1963, the referee in bankruptcy made a final order, based on the final report and account to the trustee in bankruptcy, Robert L. Wolfe, Esq., who testified at the hearing, allowing a dividend of 5.2048 percent on all unsecured claims. On the claim of Reserve Loan Company of Warren in the amount of $556.11, the order shows an award of $28.94.

4. An order of discharge of Rex P. Confer, adjudged a bankrupt, was signed and entered by the referee in bankruptcy on April 16, 1963, at no. 62-140 in the United States District Court for the Western District of Pennsylvania.

5. On May 2, 1963, judgment in favor of Reserve Loan Company of Warren and against Rex P. Confer and Myrtle Confer was entered by confession on the note referred to in paragraph 1 above, at August term, 1963, no. 27.

6. Counsel for Reserve Loan Company of Warren filed a praecipe for a writ of execution, issued at November term, 1963, E. D. No. 9 and the sheriff levied upon real estate in Pleasant Township, Warren County, owned by Rex P. Confer and Myrtle Confer as tenants by the entireties.

7. Petition to open the judgment was then filed, and a rule granted which provided for stay of all proceedings. The petition recites the identity of the parties, the bankruptcy of Rex P. Confer and his discharge on April 16, 1963, the fact that his obligation on the judgment note was a valid unsecured claim against his

estate, and that the trustee in bankruptcy paid the creditor the sum of $28.94, in full payment and satisfaction of the debt. Petitioner also recites the confession of the judgment at August term, 1963, no. C. D. 27 and the levy made by the sheriff on premises owned by Rex P. Confer and Myrtle Confer as tenants by the entireties. At the hearing, counsel for the Confers argued that the distribution in bankruptcy amounted to full payment and satisfaction of the debt secured by the judgment note, and, therefore, execution could not be levied for collection of the same.

Under the foregoing facts, the question before the court is this: Did the bankruptcy of Rex P. Confer discharge the obligation incurred by him and his wife when they signed the judgment note to secure a loan from Reserve Loan Company of Warren? This question does not seem to have been answered by an appellate court in Pennsylvania; nor does research disclose lower court decisions with conflicting answers, but a case was decided by the Court of Common Pleas of Erie County in 1962 which is exactly in point. This is the case of The Bank of Erie v. LaJohn, 27 D.&C. 2d 705 (1962), with a thorough, extensive and very able opinion by Judge Laub.

In the LaJohn case, as in the instant case, the husband and wife borrowed money from the bank and executed a judgment note to secure the loan (actually there were two notes in the LaJohn case). Approximately five and one-half months after the creation of the second note, the husband was adjudicated a bankrupt. The wife was not involved in her husband's bankruptcy proceeding and had not been adjudicated a bankrupt herself. Promptly after the adjudication, the bank confessed judgment on the notes, and later a writ of execution was issued directing the sale of real estate held by defendants as tenants in the entireties. After receiving the final discharge in bankruptcy, the hus-

band petitioned to open the judgments, on the ground that the bankruptcy discharge released him from liability and that the notes no longer represented a valid indebtedness against him. A rule to show cause was entered and proceedings were stayed meanwhile.

Before discussing the law applicable to the facts of the case, Judge Laub made the following statement, which applies exactly to the instant case:

"The difficulty may be succinctly stated as follows: Where a husband and wife enter into the execution of a judgment note as a common obligation and thereafter the husband becomes bankrupt and is discharged in bankruptcy proceedings but the wife has not become bankrupt and is not so discharged, may the obligee of the judgment note enter it in judgment against both obligors and thereafter successfully maintain the judgment's integrity? The answer depends, we think, upon the nature of the obligation and whether the bankruptcy court had jurisdiction to discharge it".

Judge Laub then analyzed the theory and jurisdiction of bankruptcy proceedings to determine whether, apart from the husband's individual liability, the debt was one which falls within their compass. He noted the obvious fact that in this Commonwealth, where entireties estates are fully recognized, the husband could not subject to bankruptcy administration any entireties property held by himself and his wife. See sec. 70(a) of the Bankruptcy Act of July 1, 1898, as amended, 11 U.S.C.A. §110(a). He noted the equally obvious fact that the bankrupt could not have transferred any interest which he had in the entireties property within six months after bankruptcy, or at any other times while the entireties estate remained intact, because of the well-established nature of a tenancy by entireties in Pennsylvania. After citing and quoting the following cases, C.I.T. Corporation v. Flint, 333 Pa. 350; Lunnen v. Hunter, 348 Pa. 402; Gallagher

Estate, 352 Pa. 476; and Meyer's Estate (No. 1), 232 Pa. 89, Judge Laub said, pages 708-09:

"It is clear, therefore, that the bankruptcy court could not force defendants' entireties property into the bankrupt's estate for distribution among the husband's creditors, but this is only a halfway station in the road to a solution of the entire problem. Conceding that the trustee could not take possession of the entireties property of defendants, what can be said of the debts themselves? Were the debts discharged notwithstanding the entireties property could not be made to apply to them? The answer to these inquiries must be found in the nature of the debts which defendants created".

In analyzing the nature of the debts created by the notes which were signed by husband and wife, Judge Laub first noted that the acts emancipating married women, in regard to dealing with their own property, 48 PS §§32.1 and 111, permitted execution against a married woman's individual property on her obligations; that she could, therefore, legally enter into a joint and several obligation with her husband or anyone else; and that the notes signed by husband and wife were joint and several debts.

Judge Laub then analyzed the nature of the obligation by virtue of the fact that it was entered into by husband and wife. On pages 709-10, he said:

"But, is there a third dimension to an obligation entered into by a husband and wife; one which creates an indebtedness which is joint, joint and several and is, at the same time, an entireties obligation which is separate and distinct from the other two? In Pennsylvania, the law recognizes the unity of man and wife as a separate and distinct legal entity. Otherwise, entireties estates would have no firm foundation and would constitute nothing more than a refuge to which the spouses might run to escape a debt contracted by the entity it-

self. Such a result would be not only unconscionable but would do violence to all our concepts of the common-law status of husband and wife. While an entireties estate may afford a safety island against the enforcement of collection of the individual debts of a discharged bankrupt spouse, it provides no sanctuary against the enforcement of a debt contracted by the marriage entity as a unit. It is our view that the same qualities and incidents of a tenancy by the entireties inhere also to an obligation entered into by a husband and wife as a common undertaking".

Judge Laub noted that he had been unable to discover a four-square precedent in Pennsylvania which coincides with his view expressed above. An Indiana case and a Michigan case with holdings in accord with his conclusions were noted. These cases refer to local statutes permitting execution on entireties property for joint debts created by husband and wife. Though Pennsylvania has no similar statute, there is such a common law right inherent in an entireties estate (see Swope v. Turner, 193 Pa. Superior Ct. 217), so that the law of Pennsylvania coincides with the statutory law of Michigan and Indiana. A Missouri case is distinguished by Judge Laub, but it does not seem necessary to refer to that case here. Noting that husband and wife are considered as one person in law (Blackstone, book 2, chap. 12), Judge Laub says:

"It was therefore, this *person* to whom the bank extended credit in both the Missouri case and the case at bar; the debt was at once that of this unit as well as of its individual components. It is logical to conclude, therefore, that the obligation was joint, joint and several and entire".

A final statement by Judge Laub, pages 712-13, applies exactly to the instant case, to wit:

"It is our opinion that while the discharge of the bankruptcy court relieved James of the obligation of

his provable debts, it did not touch the entireties obligation of James and his wife. The discharge only affected the several liabilities aspect of the debt but afforded no relief against the distinct dimension of liability created by the husband and wife as a common-law unit. Liability under the unit obligation, as opposed to the individual liabilities of the parties, was not the subject of protection by bankruptcy any more than the bankruptcy court had a right to subject entireties property to the satisfaction of James' debts. As indicated in the Pothuisje case [217 Ind. 1], the immunities which accrue to a debtor by reason of a bankruptcy discharge must be measured by the limitations on the power of the bankruptcy court to administer his property and discharge his liabilities. As to property it cannot reach and debts it cannot adjudicate, the judgments and decrees of a bankruptcy court are inoperative. In consequence, the unit obligation was unaffected by the bankruptcy and the parties to the judgment notes, as a separate entity, were in the precise position they would have been in had bankruptcy not been invoked".

For protection of the husband, the LaJohn case also notes that while the entireties debt was unaffected by the bankruptcy, the husband's individual liability was discharged, and the creditor could not legally issue executions against any after-acquired property.

In this court's opinion, the holding in the LaJohn case is well reasoned and is good law. Unless it is overruled by a Pennsylvania appellate court, it is, and will continue to be, the law of the thirty-seventh judicial district.

Wherefore, the court makes the following order:

And now, June 7, 1965, for the reasons stated in the foregoing opinion, It is hereby ordered that the petition of Rex P. Confer and Myrtle Confer to open the judgment against them and in favor of Reserve Loan Company of Warren at August term, 1963, no. C. D. 27,

458

is dismissed, the rule granted thereon is discharged, and the stay of proceedings is vacated, without prejudice, to the right of Rex P. Confer to apply for relief in the event of an improper levy on his individual property.