## Dauphin Deposit Bank and Trust Company v. Verhovshek

*Edmund G. Myers,* for plaintiff.
*James R. Clippinger,* for defendant.

SHUGHART, *P.J.,* November 26, 1980—On December 7, 1972 a $34,000 note was executed by E.M.A., Inc. to the Dauphin Deposit Trust Company, predecessor to plaintiff herein, Dauphin Deposit Bank and Trust Company (hereinafter Dauphin). Defendant guaranteed payment of the note. Pursuant to a default, judgment by confession was entered against defendant on June 20, 1975. On July 10, 1980 plaintiff filed a praecipe for a writ of revival. Defendant demurred to the writ of revival contending that said writ is barred by the five year period of limitations in section 5526(1) of the Judicial Code, 42 Pa.C.S.A. §5526.

Section 5526(1) provides: "The following actions and proceedings must be commenced within five years: (1) An action for revival of a judgment lien on real property."

Section 5502(a) of the Judicial Code provides: "The time within which a matter must be commenced under this chapter shall be computed . . . from the time the cause of action accrued. . . ."

A fair reading of these two sections of the Judicial Code discloses that the five year period does not begin to run until the cause of action accrues. Unfortunately, the Judicial Code does not define when the cause of action for revival of a judgment lien accrues; however, common sense indicates that a cause of action for revival does not accrue until that which must be revived has expired[1]. Thus, from the date of expiration of the original judgment lien, the party seeking revival has five years within which to file a writ of revival or the lien created by the judgment is forever lost. Defendant's logic would require a conclusion that the lien created by the confessed judgment expired on the same day in which it was entered. This proposition cannot be accepted.

To effectively apply the five year period of limitations, the expiration date of the judgment lien must be determined. Again, the Judicial Code does not specify the duration of a judgment lien. The Judiciary Act Repealer Act of April 28, 1978, P.L. 202, 42 P.S. § 20003, does, however, provide in section 42 P.S. § 20003 that where the Judicial Code

---

1. This is not to say that one may not file a writ of revival prior to the expiration of the original judgment. In fact, in order to assure that a judgment creditor will maintain priority it would be prudent to file a writ of revival prior to the expiration of the original judgment. This in effect would result in a continuation of the original judgment not the revival of an expired judgment.

repeals a statute, "[i]f no general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth until such general rules are promulgated." In the instant case, the Judiciary Act Repealer Act repealed the Judgment Lien Law of July 3, 1947, P.L. 1234, sec. 1 et seq., 12 P.S. §877 et seq. Accordingly, we must look to the Judgment Lien Law to determine the duration of a judgment lien. Section 2 of the Judgment Lien Law, 12 P.S. §878, provides that a judgment continues as a lien for a period of five years from the date on which the judgment was entered. Thus, in the case at bar, since the judgment was entered on June 20, 1975, and its duration is five years, it expired on June 20, 1980. Consequently, from June 20, 1980, Dauphin had five years within which to file the writ of revival. Since the writ was filed on July 10, 1980, it is timely. Defendant's preliminary objection in the nature of a demurrer must be overruled.[2]

## ORDER

And now, November 26, 1980, for the reasons appearing in the opinion filed this date, it is directed that defendant's preliminary objection be and is hereby overruled.

---

2. Because of our decision on the merits we do not sua sponte question whether the issue of the statute of limitations was properly raised by demurrer. See Pa.R.C.P. 1017(b)(4).