## Truver v. Hasker

770

*Daniel A. Miscavige,* for plaintiffs.
*Thomas S. McCready,* for defendant.

LAVELLE, *P.J.,* August 14, 1981—In this matter, plaintiffs seek to revive a judgment lien against real estate more than five years after the entry of judgment. Before the court is defendant's demurrer to the plaintiffs' writ of revival.

The procedural history of the case reveals that on July 8, 1970, after a non-jury trial in a trespass action, indexed to no. 63, April Term, 1969, the court entered a verdict in favor of plaintiffs and against defendant in the sum of $13,265.56. On April 29, 1975, a judgment was entered on the said 1970 verdict in favor of plaintiffs in the amount of $17,111.57, which sum included interest from the date of the verdict to April 28, 1975. More than five years later, on October 31, 1980, the prothonotary, on praecipe pursuant to Pa.R.C.P. 3025, issued a writ to revive and continue the lien of judgment arising from the 1975 entry of judgment.

It is to this writ of revival that defendant demurs. Defendant argues that plaintiffs' writ of revival is fatally defective because plaintiffs did not have the writ issued within five years of entry of judgment.

In support of his argument, defendant cites sec-

tion 5526 of the Judicial Code, 42 Pa.C.S.A. §5526, effective June 27, 1978, which states: "The following actions and proceedings must be commenced within five years: (1) an action for the revival of a judgment lien on real property."

Defendant's exclusive reliance on section 5526(1) of the Judicial Code is mistaken.[1]

Prior to the promulgation of section 5526(1) and also section 4303 of the Judicial Code, 42 Pa.C.S.A. §4303, the practice and procedure involving judgment liens on real property was governed by section 2 of the Judgment Lien Law, July 3, 1947, P.L. 1234, 12 P.S. §878, which also provided for a five year limit on the life of a judgment lien against real estate as calculated from the day judgment was

---

1. According to the official source note, section 5526 is the progeny of two statutes: The Act of April 16, 1845, P.L. 538, sec. 4, 12 P.S. §2093, repealed by section 20002(214) of the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, 42 P.S. §20002(214), effective June 27, 1978, which stated: "Hereafter it shall not be deemed error to issue any writ of execution on a judgment, in any court, which has not been revived within a year and a day, if the same have been revived within five years."

And the Act of May 5, 1854, P.L. 581, sec. 1, 42 P.S. §833, repealed by the Judiciary Act Repealer Act, 42 P.S. §20002(301), effective June 27, 1978, which stated:

"From and after passage of this act no execution shall be issued on a judgment rendered before a justice of the peace or alderman, after five years from the rendition of such judgment, unless the same shall have been revived by scire facias or amicable confession."

Nothing in these statutes suggests that a judgment may or may not be revived after the five year period has elapsed from entry of judgment. Consequently, section 5526 likewise makes no mention of this possibility.

entered and indexed of record.[2] Section 2 also indicated that a judgment lien could be revived.

Specifically, the practice of reviving judgment liens was governed by sections 3 and 4 of the Judgment Lien Law, 12 P.S. §§879, 880. Section 4 provided, inter alia, that a judgment lien could be revived before or after the expiration of five years after indexing of the judgment.[3] Thus, the law in Pennsylvania as to revival of judgments five years after entry of judgment came to be expressed as follows:

"Although a judgment may lose its priority in relation to other judgments and mortgages and lose its lien entirely against property conveyed to innocent purchasers for value under certain circumstances, it may nevertheless be reinstated as a lien against remaining property as a lien by revival after five years from the date of its entry. Act of 1947, July 3, P.L. 1234, §4 (12 P.S. §880)." Swope v. Turner, 193 Pa. Superior Ct. 217, 218, 163 A. 2d 714, 715 (1960).

Effective June 27, 1978, the various sections of the Judgment Lien Law were repealed by section 20002(1257) of the Judiciary Act Repealer Act, 42

---

2. Section 4303 of the Judicial Code reads in relevant part
"(a) Real property—Any judgment or other order of court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by general rule . . . when it is entered of record and indexed in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of court of the common pleas embracing such county."

3. Section 4 provides in relevant part: "A writ of scire facias issued to revive a judgment at any time before or after the expiration of five years after the indexing thereof . . . shall . . . be a lien upon all real property . . . owned by the defendant. . . ."

P.S. §20002(1257), insofar as they were inconsistent with general rules prescribed under section 1722(b) of the Judicial Code, 42 Pa.C.S.A. §1722(b).[4] Effective June 27, 1980, the Judgment Lien Law was repealed absolutely.

However, section 20003(b) of the Judiciary Act Repealer Act, 42 P.S. §20003, provides a saving clause which applies to statutes repealed by that act and which states that:

"If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated . . ."

As of the date of the issuance of the writ of revival there existed no general rules promulgated by the Supreme Court pursuant to section 1722(b) which affect the ability of a holder of a judgment lien to revive that lien five years after judgment was entered. Indeed, as the Supreme Court has not promulgated any general rules governing all matters relating to judgments which matters heretofore

---

4. Section 1722(b) of the Judicial Code reads in relevant part: "[T]he governing authority shall have power to prescribe and modify general rules, consistent with this title and any other applicable unrepealed statute, governing: (1) The effect of judgments . . . and the manner of the enforcement of any thereof, including the time during which and the property with respect to which they shall be a lien, the relative priority of liens and other claims . . . and all other matters relating to judgments . . . which have been regulated heretofore by statute."

A statute shall be repealed for the purposes of this subsection only if it has been expressly repealed absolutely or insofar as inconsistent with general rules prescribed pursuant to this subsection."

were governed by the Judgment Lien Law, it is our view that the practice in this Commonwealth of permitting revival of judgment liens after the expiration of the said five-year period remains viable. The only effect of revival after the five years expires from the entry and indexing of the judgment of record is a loss of priority of the lien or a complete loss of the lien as against the property conveyed to innocent purchasers for value.

In our view, plaintiffs have proceeded correctly under Pa.R.C.P. 3025 in their praecipe for a writ of revival.

Accordingly, defendant's preliminary objection is without merit and we enter the following

### ORDER

And now, August 14, 1981, it is hereby ordered and decreed as follows:

1. Defendant's preliminary objection be and is hereby dismissed.

2. Defendant shall file an answer to plaintiffs' writ of revival within 20 days of the date of this order, failing which the prothonotary shall enter a judgment of revival.