## Mercer County State Bank v. Troy

*James A. Stranahan, IV,* for plaintiff.
*Peter M. Glaubach,* for defendants.

FORNELLI, *J.*, December 1, 1983—This is before the court on a motion to strike a revival of judgment. The record reflects that plaintiff, Mercer County State Bank, filed a judgment note for $24,265.00 at 1447 D.S.B. 1976 in the Mercer County Prothonotary's Office. Plaintiff filed a writ of revival on July 29, 1983 at 1447 D.S.B. 1976 and 845 C.D. 1983. Defendants have filed a motion to strike the writ of revival claiming that 42 Pa. C.S.A. §5526(1) barred such actions not commenced within five years of the original judgment note.

We find the writ of revival was properly filed. In reaching this decision, we adopt the reasoning of Truver v. Hasker, 20 Pa. D. & C. 3d 769 (1981), that 12 Pa. C.S.A. §880,[1] which formerly permitted revivals after the end of the five-year period, continues to be the law in Pennsylvania. See Swope v. Turner, 193 Pa. Super. 217, 163 A.2d 714 (1960).

The Judgment Lien Law was repealed by the Judiciary Act Repealer Act (JARA), April 28, 1978, P.L. 202, §2(a) [1257] (42 Pa. C.S.A. §20002(a) [1257] (Purdon's 1982)). This repeal would be absolute except for the savings clause in JARA section 20003(b) which provides that general rules shall govern the practice and procedure for the ". . . Enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal [June 27, 1980 here]. If no such general rules are in effect . . . the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated."

Consequently, the law as set forth in 12 P.S.

---

1. Act of July 3, 1947, P.L. 1234, 12 P.S. §880 [hereinafter cited as the Judgment Lien Law].

§880, as interpreted and applied in Swope v. Turner, 193 Pa. Super. 217, 163 A.2d 714 (1960), is viable today as part of the common law until the Pennsylvania Supreme Court promulgates rules pursuant to the Act of July 9, 1976, P.L. 586, §2, as amended Dec. 20, 1982, P.L. 1409, art. II, sec. 201 42 Pa. C.S.A. §4303(a) (Purdon's Supp. 1983-84)), and the Act of July 9, 1976, P.L. 586, as amended July 20, 1979, P.L. 157, 42 Pa. C.S.A. §1722(b). See generally Pa. R.C.P. Rule 3025.

As in Truver, defendant here relies on section 5526(1),[2] which is derived from 12 P.S.A. section 2093[3] and 42 P.S.A. section 833[4] both of which resulted in the pre-JARA rule that judgment liens could be revived even after the five-year period but with the consequent loss of priority[5] against intervening third party rights. See generally Ladner, Conveyancing in Pennsylvania, §16.01 at 3-4 (Revised 4th ed. 1979); 20 P.L.E. Judgment, §§442-52 (1959).

Furthermore, as recognized in Truver, although

---

2. Act of July 9, 1976, P.L. 586, 42 Pa. C.S.A. §5526(1).

3. Act of April 16, 1845, P.L. 538, §4 12 P.S. §2093, repealed April 28, 1978, P.L. 202, §2(a)[214] (42 Pa. C.S.A. §20002(a)[214] (Purdon's 1982)).

4. Act of May 5, 1854, P.L. 581, (42 P.S. §833), repealed April 28, 1978, P.L. 202, §2(a)[301] 42 Pa. C.S.A. §20002(a)[301].

5. The effect of a post five year revival on the priority of a judgment lien and its effect on intervening innocent purchasers was also addressed in Swope v. Turner, 193 Pa. Super. 217, 218, 163 A.2d 714, 715 (1960). However, the impact of plaintiff's revival on lien priorities is not presently before this court. But see Dauphin Deposit Bank & Trust Co. v. Verhovshek, 18 Pa. D. & C.3d 108, 109 n. 1 (1980) (which implies that priority would be lost but that a writ of revival is valid even if filed more than five years after the original judgment lien).

754

not expressly mentioned, section 5526(1) must be read in light of its predecessor statutes and in conjunction with 12 P.S. §880, which is now the common law in Pennsylvania. Upon a close reading of these statutes, it is apparent that plaintiff's writ of revival was not barred by section 5526(1) even though it was filed more than five years after the original judgment lien.[6]

## ORDER

And now, this December 1, 1983, defendants' motion to strike plaintiff's writ of revival is refused.

---

6. For a similar result employing different reasoning, see Dauphin Deposit Bank & Trust Co. v. Verhovshek, 18 Pa. D. & C.3d 108 (1980).