## Home Consumer Discount Co. of Wilkes Barre
## v. Hashagen

*Mark Peleak,* for plaintiff.
*Lawrence D. MacDonald,* for defendants.

HOURIGAN, *J.,* April 4, 1985—This case is before the court on defendants' motion for summary judgment to dismiss a writ of revival.

The facts are not disputed. On July 20, 1961, defendants executed a judgment note to plaintiff's predecessor, and on October 9, 1962, judgment was confessed on the note. On January 15, 1979, the judgment was revived without objection afer service of writ of revival. On December 22, 1983, plaintiff commenced this present action to again revive the judgment.

Defendants now allege that the lien of judgment had been lost since no action was taken to revive it within a ten year period, i.e. from 1962 to 1972, prior to the first revival. Plaintiff alleges that the lien was not lost and even if it was lost, defendants waived the right by failing to object to the first revival.

Section 5526 of the Judicial Code, 42 Pa.C.S. §5526, effective June 27, 1978, provides:

"The following actions and proceedings must be commenced within five years: (1) An action for revival of a judgment lien on real property."

Prior to 1978, under the Judgment Lien Law Act of July 3, 1947 P.L. 1234, 12 P.S. §879-880, a judgment could be revived at any time after the expiration of five years. However, the lien would lose its priority if it was not revived within five years of date of entry. Swope v. Turner, 193 Pa. Super. 217, 163 A.2d 714 (1960).

Effective June 27, 1978, various sections of the Judgment Lien Law were repealed by section 20002 (1257) of the Judiciary Act Repealer Act, 42 P.S. §20002 (1257) in so far as they were inconsistent with general rules prescribed under section 1722(b) of the Judicial Code 42 Pa.C.S. §1722(b). The Judgment Lien Law was repealed absolutely effective June 27, 1980.

Section 20003(b) of the Judiciary Act Repealer Act, 42 P.S. §20003 provides a saving clause which applies to statutes repealed by that act and which states that:

"If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated."

In a similar case where the writ was issued on October 31, 1980, the court in Truver v. Hasker, 20 D.&C. 3d 769 (1981), stated at page 773-774:

"As of the date of the issuance of the writ of revival there existed no general rules promulgated by the Supreme Court pursuant to section 1722(b) which affect the ability of a holder of a judgment lien to revive that lien five years after judgment was entered. Indeed, as the Supreme Court has not promulgated any general rules governing all matters relating to judgments which matters heretofore were governed by the Judgment Lien Law, it is our view that the practice in this Commonwealth of permitting revival of judgment liens after the expiration of the said five-year period remains viable. The only effect of revival after the five years expires from the entry and indexing of the judgment of record is a loss of priority of the lien or a complete loss of the lien as against the property conveyed to innocent purchasers for value.

In our view, plaintiffs have proceeded correctly under Pa.R.C.P. 3025 in their praecipe for a writ of revival."

Accordingly, we find that plaintiff properly revived judgment in 1979, and we enter the following

## ORDER

Now, this April 4, 1985, defendants' motion for summary judgment is denied and dismissed.