**United States v. Shadle**

*James Gibbons,* for plaintiff.
*Joseph B. Sobel,* for defendants.

BAYLEY, *J.,* November 5, 1992—The facts necessary to resolve the current motion of plaintiff, United States of America, for summary judgment, are not in dispute. On December 29, 1978, plaintiff obtained a judgment against defendants, Walter E. Shadle and Alice B. Shadle, in the U.S. District Court for the Middle District of Pennsylvania. That judgment was then entered in this court on January 15, 1979.[1] Over ten years later, on June 20, 1989, pursuant to Pa.R.C.P. 3025(1), plaintiff filed a praecipe for a writ of revival upon which a writ was entered.[2] Defendants filed an answer with new matter seeking dismissal of the writ. Pursuant to Pa.R.C.P. 1030, the new matter avers that the writ of revival is barred by the statute of limitations.

The Judicial Code at 42 Pa.C.S §5526(1) provides: "the following actions and proceedings must be commenced within five years; (1) an action for the revival of judgment lien on real property." Section 5502(a) of the Code provides: "the time within which a matter must be commenced under this chapter shall be computed ... from the time the cause of action accrued...." In *Hagmanns Realtors v. Costello,* 73 Erie L.J. 193 (1990), a judgment was entered on January 18, 1973. It was revived by agreement on January 18, 1978.[3] Over ten years later on February 1, 1990, a writ of revival was entered. The Erie County court concluded that a writ

---

1. Docket No. 171 Civil 1979.

2. Pa.R.C.P. 3025 through 3051 set forth the procedure to revive and continue the lien of a judgment.

3. See Pa.R.C.P. 3025(2).

of revival must be filed within five years of the expiration of the original judgment lien because at the expiration of the original lien, the cause of action to revive accrues and a five-year period under section 5526 begins to run. In *Hagmanns Realtors,* the court held: "As plaintiff has failed to revive the judgment prior to the expiration of the statute of limitations mandated in §5526, defendants' motion to strike the writ of revival of judgment must be granted." This holding was based on the court's conclusion that a judgment is "forever lost" where a writ of revival is not filed within ten years of the date the judgment was entered.

Plaintiff, however, relies on *Swope v. Turner,* 193 Pa. Super. 217, 163 A.2d 714 (1960), a pre-Judicial Code case, where a judgment holder had failed to institute revival proceedings within five years after the entry of a judgment. The Superior Court held:

"Although a judgment may lose its priority in relation to other judgments and mortgages and lose its lien entirely against property conveyed to innocent purchasers for value under certain circumstances, it may nevertheless be reinstated as a lien against remaining property by revival after five years from the date of its entry." Act of 1947, July 3, P.L. 1234, §4 (12 P.S. §880); *Cusano v. Rubolino,* 351 Pa. 41, 39 A.2d 906 (1944); *Sivak Estate,* 161 Pa. Super. 323, 53 A.2d 858 (1947), *aff'd,* 359 Pa. 194, 58 A.2d 456 (1948).[4]

---

4. How long after five years the judgment was revived is not set forth in *Swope.* In *Sivak Estate,* cited and relied on in *Swope,* the date of the entry of the judgment was January 25, 1934, and the date of the revival was January 30, 1939. Citing the then existing Judgment Lien Law, the Superior Court in *Sivak* stated: "This writ having issued beyond the five-year period the judgment had lapsed and lost its priority but upon the issuance of the scire facias a new lien attached to all the property then owned by the judgment debtor."

In *Home Consumer Discount Co. of Wilkes-Barre v. Hashagen,* 35 D.&C.3d 668 (1985), a judgment was entered on October 9, 1962. On January 15, 1979, a writ of revival was entered. On December 22, 1983, another writ of revival was entered that defendant challenged, claiming that the lien of the judgment had been lost when no action had been taken to revive it for over ten years from when it was originally entered on October 9, 1962. The Luzerne County court concluded:

"Prior to 1978, under the Judgment Lien Law Act of July 3, 1947 P.L. 1234, 12 P.S. §879-880, a judgment could be revived at any time after the expiration of five years. However, the lien would lose its priority if it was not revived within five years of date of entry. *Swope v. Turner,* 193 Pa. Super. 217, 163 A.2d 714 (1960).

"Effective June 27, 1978, various sections of the Judgment Lien Law were repealed by section 20002 (1257) of the Judiciary Act Repealer Act, 42 P.S. §20002 (1257), in so far as they were inconsistent with general rules prescribed under section 1722(b) of the Judicial Code 42 Pa.C.S. §1722(b). The Judgment Lien Law was repealed absolutely effective June 27, 1980.

"Section 20003(b) of the Judiciary Act Repealer Act, 42 P.S. §20003, provides a saving clause which applies to statutes repealed by that Act and which states that:

"'If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated.'

"In a similar case where the writ was issued on October 31, 1980, the court in *Truver v. Hasker,* 20 D.&C.3d 769, 773-74 (1981):

"'As of the date of the issuance of the writ of revival there existed no general rules promulgated by the Supreme Court pursuant to section 1722(b) which affect the ability of a holder of a judgment lien to revive that lien five years after judgment was entered. Indeed, as the Supreme Court has not promulgated any general rules governing all matters relating to judgments which matters heretofore were governed by the Judgment Lien Law, it is our view that the practice in this Commonwealth of permitting revival of judgment liens after the expiration of the said five-year period remains viable. The only effect of revival after the five years expires from the entry and indexing of the judgment of record is a loss of priority of the lien or a complete loss of the lien as against the property conveyed to innocent purchasers for value.

"'In our view, plaintiffs have proceeded correctly under Pa.R.C.P. 3025 in their praecipe for a writ of revival.'

"Accordingly, we find that plaintiff properly revived judgment in 1979."[5]

In *Dauphin Deposit Bank & Trust Co. v. Verhovshek,* 18 D.&C.3d 108 (1980), a judgment was entered on June 20, 1975, and a writ of revival on July 10, 1980. This court, per then President Judge Shughart, concluded that a judgment continues as a lien for a period of five years from the date on which it is entered. It held that a cause of action under section 5502(a) of the Judicial Code "does not accrue until that which must be revived has expired." The court stated:

"Thus, in the case at bar, since the judgment was entered on June 20, 1975, and its duration is five years, it expired on June 20, 1980. Consequently, from June 20, 1980, Dauphin had five years within which to file the writ of

---

5. In *Truver v. Hasker, supra,* the judgment was entered on April 29, 1975, and a writ of revival was entered on October 31, 1980.

revival. Since the writ was filed on July 10, 1980, it is timely."[6]

Thus, since the effective date of the Judicial Code, in *Truver* and *Dauphin Deposit Bank,* judgments were allowed to be revived in the second five-year period after they were originally entered. In *Home Consumer Discount Co.,* a judgment was allowed to be revived more than ten years after it was entered, while in *Hagmanns Realtors,* it was not.[7] The Judgment Lien Law, 12 P.S. §878, provided that a judgment lien shall continue in effect for five years from the date of its entry. That section was repealed in the Judiciary Act Repealer Act, 42 Pa.C.S §1257. Section 20003 of the Repealer Act has a saving clause that: "If no such general rules are

---

6. In *Ricci v. Cuisine Management Services Inc.,* 42 Cumberland L.J. 98 (1992), this court per Judge Oler recently held "[t]hat in accordance with practice under the Judgment Lien Law a judgment lien is extinguished as to a terre-tenant where an attempt to revive the lien is first occurring more than five years after entry of the judgment, notwithstanding the argument that the provision of the Judicial Code reciting a five-year statute of limitations applicable to revival of judgment liens mandates a different result." The judgment was entered on July 12, 1985. The land of the judgment-debtor upon which the lien was entered transferred it to the terre-tenant on August 8, 1988. The praecipe for the writ of revival, naming the original defendant, and directing it be indexed against the terre-tenant, was filed on December 7, 1990, more than five years from the entry of the original judgment. We construe the holding in *Ricci* as applicable to a terre-tenant only. See *Sutersville Lumber Co. v. Snow Construction & Development Corp.,* 58 Westmoreland L.J. 126 (1976), *aff'd,* 248 Pa. Super. 645, 374 A.2d 729 (1977). An appeal in *Ricci* is pending in the Superior Court at 00337HBG92.

7. In *Truver* and *Home Consumer Discount Co.,* it was specifically noted that the effect of revival more than five years from the entry of a judgment is a loss of priority of the lien or a complete loss of the lien as against the property conveyed to innocent purchasers for value.

in effect with respect to the repealed statute on the effective date of its repeal, the *practice and procedure* provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated." (emphasis added) No general rules of practice or procedure have been promulgated that would be applicable to the present case. Nevertheless, as did the Erie County Court in *Hagmanns Realtors,* we hold that the *substantive law* of the Judicial Code at sections 5526(1) and 5502(a) is applicable to this case and prevents the lien of the judgment from being revived since the praecipe for revival was filed more than *ten years* from the date of entry of the judgment. Our holding is consistent with the reasoning used by this court to support the holding in *Dauphin Deposit Bank & Trust Co. v. Verhovshek, supra,* that: "[f]rom the date of expiration of the original judgment lien, the party seeking revival has five years within which to file a writ of revival or the lien created by the judgment is forever lost."[8]

## ORDER OF COURT

And now, November 5, 1992, the motion of plaintiff for summary judgment, is denied.

---

8. This resolution makes it unnecessary to discuss the other issues briefed by defendants in support of their position that summary judgment should not be entered for plaintiff.