## Harris *v.* Holdi, Appellant.

Argued April 10, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Franklyn E. Conflenti*, with him *Paul N. Barna*, for appellant.

· *John A. Metz, Jr.*, with him *Jacob Greenberger, Henry E. Rae, Jr.*, and *Metz, McClure, Hanna & MacAlister*, for appellee.

OPINION BY HIRT, J., July 17, 1956:

In 1937 judgment was entered in favor of Samuel H. Harris against John Holdi in the Court of Common Pleas of Allegheny County. On November 24, 1941, a writ of scire facias to revive was issued and on December 17, 1941, judgment was entered on the sci. fa. On November 6, 1946, at 1221 January Term, 1947, scire facias was again issued to revive this judgment. The praecipe for the writ was filed in the office of the Prothonotary of the Court of Common Pleas of Allegheny County during the morning of November 6, 1946. It is admitted that the praecipe was filed prior to noon of that day and at that time John Holdi was the owner of an undivided interest in land in Allegheny County. Later in the same day—*November 6, 1946*—but after 12:40 p.m. and *after the praecipe for the sci. fa. at 1221* January Term, 1947, had been filed with the prothonotary, a deed was recorded wherein John Holdi conveyed his entire undivided interest in his land in Allegheny County to his sister Annie Holdi. On *December 6, 1946*, judgment was entered on the sci. fa. against John Holdi alone.

On November 14, 1951, within 5 years from the indexing of the last judgment of revival but more than 5 years from the recording of the deed from John Holdi to Annie Holdi scire facias issued at No. 1495 January Term, 1952, to revive the judgment. In the sci. fa. as issued against John Holdi defendant, Annie Holdi was named as terre-tenant. Annie Holdi filed an af-

fidavit of defense to the sci. fa. Thereafter the common pleas transferred the proceeding to the County Court of Allegheny County. The issues were heard by that court and the present judgment was entered there in favor of the plaintiff and against John Holdi *and* Annie Holdi, terre-tenant, for the principal amount of the prior judgment with interest. Annie Holdi, the terre-tenant has appealed, questioning the validity of the judgment against her on the sci. fa. because the writ was issued more than 5 years after the date on which she recorded her deed from John Holdi.

A judgment is a lien on a defendant's real estate for the period of five years "from the date on which the judgment was entered and no longer, unless the same is revived": Act of July 3, 1947, P. L. 1234, §2, 12 PS §878. The statute provides: "(a) The lien of a judgment may be revived by the indexing of (1) a judgment of revival by agreement between the plaintiff and defendant, or of (2) a writ of scire facias, if such judgment by agreement is entered of record in or such writ is issued out of the court in which the original judgment was entered *within five years after the date on which the original judgment or the last preceding judgment of revival, as the case may be, was indexed*: Provided, That if any interest in any part of the real property bound by the lien of the judgment has been acquired by a terre-tenant, then the lien of such judgment shall be revived as to such part of the real property only if the terre-tenant *within the five-year period, hereinbefore designated,* joins in the agreement or is made a party to the scire facias proceedings, as the case may be: . . ." (Emphasis added). The period "hereinbefore designated" in the foregoing statute, by the terms of the Act itself is the 5-year period following the date on which the last preceding judgment of revival was indexed, namely, December 6, 1946. Ac-

cordingly plaintiff's action was timely since he made the terre-tenant a party to the new sci. fa. proceedings on November 14, 1951, within that 5 year period. Under the Act it is only if, and when, a revival has been had solely against the judgment debtor at a time when there is a terre-tenant's deed of record, that there is any requirement that the terre-tenant be joined within five years after the recording of his deed. In all other instances, including the present, the revival is effective if the praecipe for the sci. fa. in which the terre-tenant is joined as a party, is filed within five years from the date of the last preceding judgment of revival.

Contrary to appellant's contention this case is not ruled by such authorities as *Farmers N. B. & T. Co. v. Barrett,* 321 Pa. 273, 184 A. 128 and *Uhler v. Moses,* 200 Pa. 498, 50 A. 231. It should be noted that the above and all other cases on which appellant relies dealt with legislation as it existed prior to the 1947 Act, supra. The legislation involved in the *Barrett* case, supra, were the Acts of March 26, 1827, P. L. 129; April 16, 1849, P. L. 663; June 1, 1887, P. L. 289. These Acts were also involved in *Uhler v. Moses,* supra. Appellant also neglects to state that all three of the above Acts were specifically repealed by the Act of May 28, 1943, P. L. 774. These repeals we suspect were precipitated by our decisions in *Ellinger v. Krach,* 150 Pa. Superior Ct. 384, 28 A. 2d 453 (1942) and *Simmons v. Simmons et al.,* 150 Pa. Superior Ct. 393, 28 A. 2d 445 (1942), both of which were affirmed in 346 Pa. 52, 29 A. 2d 677. The intention of the 1943 Act obviously was, for the future, to nullify the ruling of the *Ellinger* and *Simmons* cases. The 1943 Act in turn was repealed by the 1947 Act, supra, which, to the exclusion of all prior legislation provides the law applicable to the instant case. Here the fact that the terre-

tenant's deed was not of record when the praecipe was filed in the last preceding scire facias proceeding raised the controlling question. In construing the 1947 Act the lower court answered that question correctly.

Judgment affirmed.