**In re Grant D. LUCAS and Loretta Lucas a/k/a Loretta M. Lucas, Debtors.**

**Bankruptcy No. 84–00352G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 22, 1984.

As Amended Sept. 11, 1984.

Norman Weinstein, Weinstein, Goss & Katzenstein, Philadelphia, Pa., for debtors, Grant D. Lucas and Loretta Lucas a/k/a Loretta Lucas.

Werner H. Von Rosenstiel, Philadelphia, Pa., for creditors, Ana and Ramon Camacho.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The issue at bench is whether the creditors failed to revive a judgment against the debtors and, if so, whether a subsequent sheriff's sale of the debtors' property based on an execution on the judgment is invalid. For the reasons stated herein, we conclude that the judgment was not revived, and will grant the debtors' motion to set aside the sheriff's sale.

The facts of the case are as follows: [1] In December of 1976, a judgment on an arbitration award in the amount of $11,050.00 was entered in favor of Ana and Ramon Camacho ("the creditors") and against Grant and Loretta Lucas ("the debtors"). In May of 1983, the creditors filed a writ of revival of the judgment to which the debtors failed to respond. However, the creditors did not file a praecipe for the entry of a default judgment, and a judgment of revival was never entered. In December, the creditors filed a praecipe for a writ of execution and the writ was subsequently issued. The creditors ordered the debtors' residence to be sold at sheriff's sale which took place in January of 1984. No settlement with the sheriff was made, no schedule of distribution was prepared, and no deed was issued or acknowledged. In February, the debtors filed a petition for adjustment of their debts under chapter 13 of the Bankruptcy Code ("the Code"). The creditors' motion for relief from the stay, pursuant to § 362 of the Code, in order to finalize the sheriff's sale, and the debtors' motions to set aside the sheriff's sale and to avoid the creditors' lien, pursuant to §§ 548(a)(2), 547 and 522 of the Code, are now before us.

We have determined that these matters constitute core proceedings which are subject to this court's jurisdiction pursuant to 28 U.S.C. § 157.

The debtors attack the validity of the sheriff's sale, contending that the judgment was not properly revived. Alternatively, the debtors contend that if the judgment was revived, the creditors did not acquire legal title to the property at the sheriff's sale, but merely obtained a judicial lien which may be avoided.

In support of their contention that the sheriff's sale should be set aside, the debtors assert that the judgment revival proceedings were barred by the five-year statute of limitations.[2]

Under the Judgment Lien Law, Act of July 3, 1947, Pub.L. No. 1234, § 2 et seq., Pa.Stat. tit. 12 § 878 et seq. (repealed 1980):

> A judgment [could] be reinstated as a lien against property by revival after five years from the date of its entry, but [could] lose its priority in relation to other judgments and mortgages, and lose its lien entirely against property conveyed to innocent purchasers for value under certain circumstances.

*Swope v. Turner*, 193 Pa.Super. 217, 163 A.2d 714 (1960).

The saving clause of the Judiciary Act Repealer Act, 42 Pa.Cons.Stat.Ann. § 20003(b) (Purdon 1982), which repealed the Judgment Lien Law, provides:

> General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The Judicial Code provides that an action for the revival of a judgment lien on real property must be brought within five years of the entry of the judgment. 42 Pa.Stat.Cons.Ann. § 5526 (Purdon 1981).

date of the repeal of a statute, shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated.

Since no such general rules have been promulgated, the practice of permitting the revival of judgment liens after the expiration of the five year period remains viable. *Truver v. Hasker*, 20 Pa.D & C 3d 769 (1981). It follows then that the creditors' institution of revival proceedings was not, therefore, barred by the statute of limitations.

■ In further support of their position that the sheriff's sale is invalid, the debtors assert that, as a result of the creditors' failure to comply with the Pennsylvania Rules of Civil Procedure, the judgment was not revived. A proceeding to revive and continue the lien of a judgment is commenced by filing a praecipe for a writ of revival with the prothonotary of the county in which the judgment has been entered. Pa.R.Civ.P. 3025. The writ is considered the equivalent of a complaint in assumpsit, and applicable rules relating to the action of assumpsit govern. Pa.R.Civ.P. 3030.[3] The prothonotary, on the filing of a praecipe by the plaintiff, will enter judgment against a defendant if the latter failed, within the required time, to plead to the writ. Pa.R.Civ.P. 3031.

As we stated above, the creditors filed a writ of revival to which the debtors failed to respond. The creditors then filed a praecipe for a writ of execution and said writ was issued. No praecipe for entry of a default judgment was ever filed, nor was a judgment of revival entered. There was, therefore, no judgment to be enforced by the writ of execution at the time that the writ was issued.

We therefore conclude that the judgment was not revived and that the sheriff's sale is invalid. Our conclusion is not undercut by the creditors' argument that the debtors were provided with sufficient notice of the proceedings which sidesteps the central issue of the creditors' failure to effectuate the entry of a default judgment.

Accordingly, we will grant the debtors' motion to set aside the sheriff's sale, and deny the creditors' motion for relief from the stay in order to finalize the sheriff's sale. Since our determination that the judgment was not revived is dispositive on the issue of the creditors' unsecured status, we will deny the debtors' motion to avoid the lien as moot.

---

3. Effective July 1, 1984, Rule 3030 was amended to replace "assumpsit" with "civil action."