501 A.2d 1150

CARSON CONSUMER DISCOUNT COMPANY OF
NEW CASTLE, Appellant,

v.

Steve W. STUBLE and Jodi L. Stuble, His Wife, Appellees.

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed Dec. 13, 1985.

John F. Murphy, Wilkes-Barre, for appellant.

Before BROSKY, ROWLEY and FEENEY, JJ.*

FEENEY, Judge:

This is an appeal from an order dismissing the exceptions of appellant, Carson Consumer Discount Company of New Castle, to the proposed distribution of proceeds from the sheriff's sale of appellees' real estate. *Metropolitan Federal Savings and Loan Assoc. v. Bailey*, 244 Pa.Superior Ct. 452, 368 A.2d 808 (1976).

The issue presented in this appeal is whether the lower court erred in concluding that the sheriff had properly included as costs in the proposed schedule of distribution, a lien in the amount of $5000.

The factual and procedural background of this case as established by the record reveals that on June 23, 1978, the Pennsylvania Department of Public Welfare (DPW) recorded a lien in the amount of $5000.00 against the real estate of appellees, Steve W. Stuble and Jodi L. Stuble, at 616 North Liberty Street, New Castle, Lawrence County, Pennsylvania. On September 17, 1980, appellant recorded a mortgage against the same property. Appellant thereafter commenced an action in mortgage foreclosure against appellees on July 12, 1983, which was reduced to judgment on August 12, 1983. A writ of execution was issued and the sheriff's sale which forms the basis of this appeal was held on November 15, 1983. Appellant was the sole participant at the sheriff's sale and made a bid of costs (N.T. 12–6–83,

* Judge John M. Feeney, of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

7). In the proposed schedule of distribution of November 22, 1983, the sheriff included as costs of the sale the amount of the DPW lien. Appellant filed a timely objection to the inclusion of the $5000.00 lien amount in the sheriff's proposed schedule on the basis that the DPW lien had been discharged. Following a hearing on December 6, 1983, the lower court dismissed appellant's exceptions to the proposed distribution by order of February 7, 1984. This appeal was then timely filed.

■ As this Court recognized in *Commonwealth, Department of Public Welfare v. Andrews*, 338 Pa.Super. 211, 487 A.2d 929 (1985), it is a general rule of law that liens upon real estate, whether prior or subsequent, including any lien on which the sale is made, are divested by judicial sale unless specifically preserved by statute or because of the peculiar character of the lien or encumberance.

In disposing of appellant's objections, the lower court determined that DPW was a governmental unit of the Commonwealth whose prior lien was not subject to divestiture since there exists no statutory language permitting elimination of its interests. The lower court relied upon *Commonwealth, Department of Transportation v. J.W. Bishop Co., Inc.*, 497 Pa. 58, 439 A.2d 101 (1981). In *Bishop*, a trespass case involving applicability of statutes of limitation to actions brought by the Commonwealth, the Pennsylvania Supreme Court (per Chief Justice, then Justice, Roberts) adhered to the doctrine of *nullum tempus*[1] holding that statutes which in general terms divest pre-existing rights or privileges do not bind the sovereign without express words to that effect. *Id.*, 497 Pa. at 61–62, 439 A.2d at 102.

■ The lower court has failed, however, to take cognizance of *Commonwealth v. Udzienicz*, 353 Pa. 543, 46 A.2d 231 (1946), in which the Supreme Court held that a judgment lien in favor of the state for old age assistance benefits was created by contract and that the question of whether the lien was extinguished by tax sale did not

[1]. *Nullum tempus occurrit regi* ("time does not run against the king").

depend upon attributes of sovereignty since the Commonwealth by the contract voluntarily surrendered such attributes. As in *Udzienicz* and *Andrews,* which like the matter *sub judice* involved DPW liens, "[t]he question of sovereign right is not involved in the instant case. This judgment lien was created by a contract of the parties; none of the attributes of sovereignty entered into it because the state voluntarily gave them up." *Udzienicz, supra,* 353 Pa. at 546, 46 A.2d at 232; *Andrews, supra,* 338 Pa.Super. at 215, 487 A.2d at 931. Consequently, we find that the lower court erred in determining that the lien of DPW in the amount of $5000 was includable as costs in the sheriff's proposed schedule of distribution and improperly dismissed appellant's exceptions.[2]

Order Reversed, Case Remanded and Jurisdiction Relinquished.

**2.** DPW, improperly denominating itself "Additional Appellee," has filed a brief in connection with this appeal requesting relief for the first time in this appeal. Although we may consider the brief of DPW pursuant to Pa.R.A.P. 531(a) ("Anyone interested in questions involved in any matter pending in an appellate court, although not a party, may, without applying for leave to do so, file a brief amicus curiae in regard to those questions"), our review of the record discloses that DPW was not a party to this action in the lower court and did not take any action below to obtain relief. DPW cannot make itself a party to this case by the action of filing a brief with this Court. Pa.R.A.P. 908.