606 A.2d 923

**ALLIED MATERIAL HANDLING SYSTEMS, Appellant,**

v.

**Francis A. AGOSTINI, Jr., Dianne M. Agostini, Patrick A. Testa, Kathleen Testa and First American Title Ins. Company.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1991.

Filed March 12, 1992.

Reargument Denied May 15, 1992.

John P. Yatsko, Norristown, for appellant.

Edward J. Hayes, Philadelphia, for appellees.

Before CAVANAUGH, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment entered by the Court of Common Pleas of Montgomery County dismissing appellant's posttrial motions after the court denied appellant's petition for declaratory judgment. On appeal, appellant raises the following issues:

1. WHETHER THE FILING OF A PRAECIPE TO RE-VIVE A JUDGMENT MUST INCLUDE THE ENTRY OF

A NEW JUDGMENT IN ORDER TO PRESERVE AND CONTINUE THE LIEN OF JUDGMENT.

2. WHETHER A TITLE INSURANCE COMPANY WHICH HAD OVERLOOKED A JUDGMENT LIEN IN ITS RECORD SEARCH CAN BE HELD DIRECTLY LIABLE TO THE LIEN HOLDER AFTER BEING SPECIFICALLY JOINED IN AS A PARTY DEFENDANT.

For the following reasons, we affirm.

The relevant facts are as follows:

In March of 1975 [appellees] Francis and Diane Agostini executed a judgment note in favor of Allied [appellant herein] for $15,000 in return for a personal loan. In September of 1975 the Agostinis had defaulted on the loan and Allied entered judgment on the note. At the time the judgment was entered the Agostinis owned real property at 3120 Middle School Road, Norristown, and the judgment became a lien on the property.

In July of 1981 Allied attempted to revive the judgment. Allied filed a praecipe for a writ of revival pursuant to Pa. R.C.P. 3025 and complied with the service requirements of Pa. R.C.P. 3028. The Agostinis failed to plead to the writ and Allied neglected to file a praecipe for entry of default judgment against the Agostinis. No revived judgment was therefore entered against the Agostinis at this time.

Allied attempted to revive the judgment again in 1986 but again they failed to follow through on the procedure by filing a praecipe for judgment against the defendants.

. . . .

The Agostinis sold the 3120 Middle School premises to Patrick and Kathleen Testa on November 4, 1983. The title that was sold to the Testas was insured by [appellee], First American. The debt to Allied was not satisfied before or after the sale.

Allied joined First American as defendant and applied for declaratory judgment on the issue of whether First American is liable to the appellant in the amount of the 1975 judgment. The appellant contends that it has a

judgment lien on the premises in question and that First American is liable for the judgment by virtue of the insurance policy it issued on the title transfer to the Testas.

Opinion, Salus J., at 1–3. A hearing was held, after which the trial court denied the application for declaratory judgment by order dated January 28, 1991. The trial court denied appellant's post-trial motion, and this timely appeal followed.

■ Appellant's first contention is that its failure to file a praecipe to enter default judgment after the Agostinis neglected to respond to appellant's praecipe for writ of revival did not result in a lapse of the judgment lien on the property at issue. Specifically, appellant argues that a judgment only loses its priority if not properly revived. Thus, appellant maintains that although it did not file a praecipe to enter default judgment, the lien remained with the property when it was sold to the Testas because the judgment had previously been docketed and the lien was duly indexed. We disagree.

Rule 3025 of the Pennsylvania Rules of Civil Procedure provides, in relevant part:

A proceeding to revive and continue the lien of a judgment may be commenced by filing with the prothonotary of the county in which the judgment has been entered (1) a praecipe for a writ of revival....

Pa. R.C.P. 3025(1). Furthermore, Rule 3031 states:

The prothonotary, *on praecipe of the plaintiff*, shall enter judgment against a defendant or terre tenant for failure within the required time to plead to the writ....

Pa. R.C.P. 3031(a) (emphasis added).[1]

In the instant case, appellant failed to comply with Rule 3031 by filing a praecipe to enter judgment. Thus, its

---

1. "A terre-tenant is one who has purchased an estate mediately or immediately from the debtor while it is bound by a judgment." *Ellinger v. Krach,* 150 Pa.Super. 384, 386, 28 A.2d 453, 454 (1942) (citations omitted), *aff'd,* 346 Pa. 52, 29 A.2d 677 (1943). *See also*

attempt to revive its lien was ineffective. *See In re Lucas,* 41 B.R. 785 (Bankr.E.D.Pa.1984) (no effective revival because creditor failed to file praecipe for entry of default judgment).

■ Next, we must determine whether the defective revival affected only the priority of the lien or whether the lien itself was extinguished when the Testas purchased the property from the Agostinis before appellant revived it. In other words, we must address the issue of whether a bona fide purchaser for value takes real property free of a dormant lien.[2]

"[A] judgment lien represents security for the underlying debt ... and conveys a right of execution to the judgment creditor in satisfaction of his debt." *In re Upset Sale, Tax Claim Bureau of Berks County,* 505 Pa. 327, 334, 479 A.2d 940, 943 (1984) (citations omitted). A judgment continues as a lien for five years from the date on which the judgment was entered. *See* Judgment Lien Law of 1947, 12 P.S. § 878.[3] After five years, the lien becomes dormant if not immediately revived, although there is a five-year statute of limitations in which a party may revive its lien. 42 Pa. C.S.A. § 5526(1).

"The lien of a judgment may be lost if property is conveyed to innocent purchasers for value or it may lose its priority if the judgment holder fails to file a writ of revival within five years from the date of the entry of the judg-

*Com., Dept. of Public Welfare v. Andrews,* 338 Pa.Super. 211, 487 A.2d 929 (1985).

2. As far as can be determined from the record and parties' briefs, appellant has never, to date, properly revived its judgment lien.

3. Although the Judgment Lien Law has been officially repealed, it still governs insofar as it does not conflict with any other rules. In 1978, the General Assembly passed the Judiciary Repealer Act of April 28, 1978, which repealed the Judgment Lien Law "to the extent that the law is inconsistent with duly promulgated general rules of procedure. 42 Pa.Cons.Stat.Ann. § 20002(a)(1257) (Purdon 1982). However, since no current rule of procedure regulates the duration and scope of judgment liens, sections 878 and 880 continue as part of the common law of Pennsylvania." *Hertzog v. Jung,* 363 Pa.Super. 439, 444 n. 2, 526 A.2d 425, 427 n. 2 (1987).

ment." *Hertzog v. Jung,* 40 Pa.D. & C.3d 474, 479 (1986) (citing *Swope v. Turner,* 193 Pa.Super. 217, 163 A.2d 714 (1960); *In re Lucas,* 41 B.R. 785 (Bankr.E.D.Pa.1984)), *aff'd,* 363 Pa.Super. 439, 526 A.2d 425, *appeal denied,* 516 Pa. 641, 533 A.2d 712 (1986). "If at the time of the debtor's conveyance, the lien of the judgment has already expired against him, no revival proceedings on the original judgment can operate so as to bind the land in the hands of the purchaser." *Ellinger v. Krach,* 150 Pa.Super. 384, 386, 28 A.2d
453, 454 (1942), (citation omitted), *aff'd,* 346 Pa. 52, 29 A.2d 677 (1943).[4]

In *Ellinger,* this court held that where an encumbered property is conveyed within five years of entry of judgment, a creditor has five years from the date of recordation of the new deed to revive the judgment lien against the property. Thus, the creditor's failure to revive the lien until seven years after entry of judgment was not fatal because the conveyance occurred during the first five years of the lien, and the creditor revived within five years after the new purchaser recorded his deed. The court did recognize, however, that a creditor's failure to revive a dormant lien *before* encumbered property is conveyed would be fatal. *Id.*

Turning to the case before us, not only does appellant's failure to revive the lien within five years of the entry of judgment affect the priority of the lien, but the conveyance of the property to an innocent purchaser while the lien was dormant also caused the lien to be extinguished. Thus, appellant may not now enforce the judgment against the purchasers. Moreover, we note that appellant did not effectively revive the lien within the statutory period of five years. Thus, the judgment lien expired at the end of the

---

**4.** Even where no innocent purchaser intervenes, a judgment that is not properly revived is not enforceable. For example, in *In re Lucas, supra,* the bankruptcy court set aside a sheriff's sale of the debtor's property, holding that no judgment existed on which to execute, as the creditor never effectively revived its judgment lien against the debtor's property. *Id.,* 41 B.R. at 787.

five years, and there is no longer a valid judgment lien that can be revived.

In light of our conclusion that there is no longer a valid lien upon the disputed property, we need not reach appellant's second issue concerning the possible liability of the title insurance company.

Accordingly, we affirm the judgment of the trial court.

Judgment affirmed.