605 A.2d 410

**Karen N. WEAVER (now Karen Swank)**

**v.**

**James H. WEAVER.**

**Appeal of Martin M. DUDAS, t/a Dr. Dudas Associates.**

Superior Court of Pennsylvania.

Submitted Oct. 31, 1991.

Filed March 26, 1992.

James B. Yelovich, Somerset, for appellant.

George B. Kaufman, Asst. Dist. Atty., Somerset, for Karen Weaver, appellee.

Joseph B. Policicchio, Somerset, for James Weaver, appellee.

Before ROWLEY, President Judge, and CAVANAUGH, WIEAND, CIRILLO, OLSZEWSKI, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

WIEAND, Judge:

Karen Nannette Weaver (now Swank) and James Hamilton Weaver were divorced by a bifurcated decree entered November 21, 1980.[1] The equitable distribution of marital property, consisting solely of a jointly owned residence having a value of twenty thousand ($20,000) dollars, was referred to a special master. Following the divorce decree but before the marital property had been distributed, three judgments were entered against the husband. The first of these judgments was entered on June 29, 1981 for four hundred and 69/100 ($400.69) dollars in favor of the Pennsylvania Department of Revenue. The second judgment was entered on August 18, 1981 in favor of Martin Dudas, D.D.S., t/a Dr. Dudas Associates, in the amount of seven hundred twenty-seven and 53/100 ($727.53) dollars. The third judgment was entered on October 2, 1986 in favor of Craig A. Miller for three thousand, nine hundred ninety-eight and 46/100 ($3,998.46) dollars. When the master held a hearing on November 19, 1987, the liens of the Department of Revenue and Dr. Dudas had not been revived. The master filed a report in which he recommended that the marital home be awarded to the wife. Exceptions were filed by the husband and by Craig A. Miller and heard by the trial court, which awarded the marital home to the wife free and clear of liens, subject, however, to her payment of

---

1. Although the divorce action had been commenced in March, 1978, prior to adoption of the Divorce Code of 1980, the trial court, on petition, had allowed the action to proceed under the new law.

three thousand ($3,000) dollars. The trial court also directed the master to hold a further hearing to determine the manner in which the three thousand ($3,000) dollars were to be distributed among husband and his creditors. Only Craig Miller appeared at the subsequent hearing before the master, and the master recommended that the entire three thousand ($3,000) dollars, less certain costs and fees, be awarded to Miller on account of his judgment. He concluded that any liens which Dr. Dudas and the Department of Revenue might have had against husband's interest in the real estate had lapsed when the same had not been renewed at the end of five years. Dr. Dudas filed exceptions, which the trial court dismissed. He then filed the instant appeal.

■ After husband and wife had been divorced by decree entered on November 21, 1980, the real estate previously owned by them as tenants by the entireties was owned as tenants in common. Act of May 10, 1927, P.L. 884, § 1, as amended, 68 P.S. § 501.[2] In *Jawork v. Jawork,* 378 Pa.Super. 89, 548 A.2d 290 (1988), a panel of the Superior Court considered the interaction between the Act of 1927 and the equitable distribution provisions of the Divorce Code of 1980 and concluded that the two were not in irreconcilable conflict. The Court said:

> The Act of [1927], as amended ... governs only the status of the title between divorcing parties; the Divorce Code provides jurisdiction to, inter alia, equitably divide marital property. 23 P.S. § 301(a)(1). The change in legal status of the title does not affect the power of the court to determine the parties' respective rights in the property pursuant to the Divorce Code, nor does the change in ownership status alter its classification as marital. Property does not lose its marital character merely because the entry of a divorce decree in a bifurcated action has, pursuant to 68 P.S. § 501, operated to change the way in which it is held. *See* 23 P.S. § 401(f); *Marinello v. Marinello,* 354 Pa.Super. 471, 512 A.2d 635

2. This statute was repealed by the Act of December 19, 1990, P.L. 1240, No. 206, § 6, effective ninety (90) days thereafter.

(1986) (absent action for partition, separate estates are not created and property is not classified as non-marital pursuant to 23 P.S. § 401(e)(2)).

*Id.,* 378 Pa.Superior Ct. at 94–95, 548 A.2d at 292. Cf. *Klebach v. Mellon Bank, N.A.,* 388 Pa.Super. 203, 210, 565 A.2d 448, 451 (1989), *allocatur granted,* 527 Pa. 647, 593 A.2d 420 (1990).

■ When the Dudas judgment was entered on August 18, 1981, it became a lien against the undivided one-half interest of the husband in the real estate which he and his former wife then owned as tenants in common. The entry of that judgment, however, did not affect the power of the court to make equitable distribution of marital real estate pursuant to the Divorce Code of 1980. When the Dudas judgment was filed, the record in the Prothonotary's office showed that the Weaver real estate was the subject of proceedings for equitable distribution in the pending divorce action between the owners. Therefore, Dudas was chargeable with knowledge that the one-half interest against which he asserted a lien was involved in divorce litigation and was subject to distribution by the court. Cf. *Hoyt v. American Traders, Inc.,* 301 Or. 599, 725 P.2d 336 (1986) (doctrine of lis pendens applied where husband's creditor obtained judgment after wife had filed complaint for divorce and equitable distribution). Dudas, as judgment creditor, acquired no greater rights in the real estate than those of the debtor spouse. He succeeds only to that which the debtor spouse's interest in the marital property turns out to be. Cf. *Daeschler v. Daeschler,* 214 N.J.Super. 545, 520 A.2d 777 (App.Div.1986). His lien was subject to any obligation to convey imposed upon the judgment debtor by the divorce court. Cf. *Frankel v. Northeast Land Co.,* 391 Pa.Super. 226, 232, 570 A.2d 1065, 1068 (1990); *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 503, 450 A.2d 36, 39 (1982).

■ The lien of the Dudas judgment continued as a lien against James Weaver's undivided one-half interest in real estate for a period of five (5) years after it had been filed but no longer, unless it was revived. Judgment Lien Law

of July 3, 1947, 12 P.S. § 878.[3]  Because the Dudas judgment was not revived, the lien thereof lapsed and lost its priority to the lien of the Miller judgment, which was entered on October 2, 1986.  See: *Cusano v. Rubolino*, 351 Pa. 41, 44, 39 A.2d 906, 908 (1944).  When the Weaver home was ordered distributed to Karen Weaver Swank, the Dudas judgment did not constitute a lien against the interest of James Weaver in the real estate and was not entitled to participate in the funds paid to James Weaver as part of the trial court's plan of distribution.  Therefore, Dudas cannot complain of the trial court's award of the real estate to Karen Weaver Swank free and clear of any lien of the judgment which he held against James Weaver.  Similarly, he cannot complain that the moneys due his debtor were ordered paid to Craig Miller.

Order affirmed.

---

**3.** Although repealed by the Judiciary Act Repealer Act of April 28, 1978 to the extent that it is inconsistent with duly promulgated rules of procedure, no procedural rule has been promulgated to regulate the duration of judgment liens.  Therefore, section 878 of the Judgment Lien Law continues in force as part of the common law of Pennsylvania. *Hertzog v. Jung*, 363 Pa.Super. 439, 444 n. 2, 526 A.2d 425, 427 n. 2 (1987).  See:  42 P.S. § 20003(b); *In re Lucas*, 41 B.R. 785, 787 (E.D.Pa.1984).