621 A.2d 163

**Raymond B. RICCI and Dorothy L. Ricci, Appellants,**

**v.**

**CUISINE MANAGEMENT SERVICES, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1992.

Filed March 8, 1993.

E. Keller Kline, III, Allentown, for appellants.

Paul L. Zeigler, Camp Hill, for appellee.

Before DEL SOLE, POPOVICH and HUDOCK, JJ.

DEL SOLE, Judge:

This is an appeal from an order of the trial court granting Appellee's motion for judgment on the pleadings, dismissing Appellants' writ of revival of judgment against it. On appeal, Appellants raise the following issues:

> (1) Whether 42 Pa.C.S.A. § 5526 supercedes the Judicial Lien Law of 1947, which provides that a judgment lien must be revived against a terre tenant within five years of the indexing of the lien?

> (2) Whether the Judicial Lien Law of 1947 denies a judgment creditor equal protection and due process of law under the Pennsylvania and United States Constitutions?

> (3) Whether Olewine's, Inc., a grantee of a deed in lieu of foreclosure, is an innocent purchaser for value?

The relevant facts are not in dispute. Appellants Raymond and Dorothy Ricci caused a judgment to be entered in Cumberland County in their favor against Cuisine Management Services, Inc. (Cuisine) on July 12, 1985. Mr. Ricci was the president of Cuisine and Mrs. Ricci was its secretary. The judgment effected a lien upon a parcel of real property which Cuisine owned in Cumberland County. Cuisine had mortgaged the land, and on August 8, 1988, transferred a deed in lieu of foreclosure to appellee Olewine's, Inc. (Olewine's). On December 7, 1990, more than five years after the entry of judgment, Appellants filed a Praecipe for writ of revival, naming Cuisine in the caption and directing that it be indexed against Olewine's. Olewine's moved for judgment on the pleadings, alleging that the five year statute of limitations barred the filing of the writ of revival. The trial court

granted Olewine's motion and appellants filed the instant appeal.

■ Under Pennsylvania Law, Olewine's is a terre tenant. A terre tenant is one who becomes the owner of an interest in real estate after the lien of a judgment or mortgage has attached. *Com. Dept. of Public Welfare v. Andrews,* 338 Pa.Super. 211, 487 A.2d 929.

■ Appellants contend that 42 Pa.C.S.A. § 5526(1), which implements a five year statute of limitations, commences running from the date a terre tenant takes title to real estate encumbered by a judgment lien, and that § 5526(1)[1] has superceded the Judgment Lien Law of 1947, 12 P.S. §§ 877–884.

Section 878 of the Judgment Lien Law of 1947 provides: Every judgment now or hereafter entered of record and indexed in any court of record in this Commonwealth shall be a lien upon all real property within the county where the judgment is entered, which at the time of the entry and indexing of the judgment is owned by the person against whom the judgment is entered, and shall, unless sooner discharged as provided by law, continue as a lien as to the defendant and all other persons for a period of five years from the date on which the judgment was entered, and no longer, unless the same is revised [revived] as hereinafter provided.

Section 879 of the Judgment Lien Law specifically deals with the statute of limitations as it applies to terre tenants: The lien of a judgment may be revived by the indexing of (1) a judgment of revival by agreement between the plaintiff and defendant, or of (2) a writ of scire facias [now a writ of revival], if such judgment by agreement is entered of record

---

**1.** 42 Pa.C.S.A. provides:

The following actions and proceedings must be commenced within five years:

(1) An action for revival of a judgment lien or real property.

(2) An action for specific performance of a contract for sale of real property or for damages for noncompliance therewith.

(3) An action to enforce any equity of redemption or any implied or resulting trust as to real property.

in or such writ is issued out of the court in which the original judgment was entered within five years after the date on which the original judgment or the last preceding judgment of revival, as the case may be, was indexed: Provided, that if any interest in any part of the real property bound by the lien of the judgment has been acquired by a terre-tenant, then the lien of such judgment shall be revived as to such part of the real property only if the terre-tenant within the five year period, hereinbefore designated, joins in the agreement or is made a party to the scire facias proceedings, as the case may be . . .

Therefore, under the Judgment Lien Act of 1947, where a terre tenant acquires property bound by a judgment lien, the judgment creditor must file a writ of revival within five years after the date on which the original judgment was indexed. Otherwise, the creditor cannot enforce the lien against the terre tenant.

*Harris v. Holdi,* 181 Pa.Super. 339, 124 A.2d 182 (1956) is consistent with this reasoning. In that case, the judgment creditor filed a writ of revival (then a scire facias), within five years from the indexing of the last judgment of revival but more than five years from the recording of the terre tenant's deed. We held that the five year statute of limitations commenced running from the date of the last preceding judgment of revival, rather than from the date that the terre tenant recorded his deed. We stated that:

> Under the Act it is only if, and when, a revival has been had solely against the judgment debtor at a time when there is a terre tenant's deed of record, that there is any requirement that the terre tenant be joined within five years after the recording of his deed. In all other instances, including the present, the revival is effective if the praecipe for sci. fa. in which the terre tenant is joined as a party, is filed within the date of the last preceding judgment of revival.

Section 2(a) [1257] of the Judiciary Act Repealer Act (JARA) 42 P.S. § 20002(a) repealed the Judgment Lien Law "insofar as inconsistent with general rules prescribed pursuant to 42 Pa.C.S. § 1722(b)."

However, Section 3(b) of JARA, 42 P.S. § 20003(b) provides:

The specific repeals effected by section 2 are intended to eliminate obsolete, unnecessary or suspended statutory provisions. General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective date of the repeal of a statute, shall prescribe the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated ...

Thus, § 3(b) of JARA retains repealed statutory provisions if no general rules regarding practice and procedure were in effect at the time of the repeal. Despite Appellants' argument to the contrary, no general rule of procedure has ever been promulgated regulating the duration and scope of judgment liens, and the Judgment Lien Law of 1947 continues as a part of the common law of Pennsylvania. *Hertzog v. Jung*, 363 Pa.Super. 439, 526 A.2d 425 (1987). See also *Weaver v. Weaver*, 413 Pa.Super. 382, 605 A.2d 410 (1992); and *Allied Material Handling v. Agostini*, 414 Pa.Super. 175, 606 A.2d 923 (1992). In *Hertzog*, we noted that Pa.R.C.P. 3025–3049 "deal primarily with the proper method for filing for revival of judgments; they do not alter the substantive rights of judgment creditors." Thus, contrary to Appellants' assertions, Rule 3025 and 42 PaC.S.A. § 5526 do not displace the practice and procedure of the Judgment Lien Law of 1947. Further, Rule 3025, which Appellants argue is a general rule displacing the prior law, itself provides that "for the substantive law governing the revival of judgments against defendants and terre tenants, see the Judgment Lien Law of 1947, 12 P.S. § 877 et seq." This interpretation is consistent with the trial court's observation that "courts have been unwilling to pre-

sume an intent . . . to revise established practice as to lien revivals, upon which the assumed state of so many interests in land depends."

█ In the instant case, the Appellants filed a writ of revival of a judgment against Olewine's on December 7, 1990, more than five years after the original judgment was filed, on July 21, 1985. Under the applicable statute of limitations, the Appellants were required to file the writ of revival against the terre tenant either within five years after the original judgment was entered or the last preceding judgment of revival. Since there was no preceding revival, Appellants had to file the writ of revival within five years of the indexing of the judgment, which they did not do. Therefore, the statute of limitations bars Appellants from reviving the lien against the terre tenant, Olewine's. Appellants' sole remedy is against the original debtor, Cuisine, Inc.

█ The Appellants' argument that the "variable time period" under which a judgment creditor can revive a judgment against a terre tenant under the Judgment Lien Law of 1947 is unconstitutional, is without merit. A judgment creditor may revive a judgment lien against a terre tenant as long as it is done within five years from the entry of judgment. If the judgment creditor revives the lien within the five year period, it is revived for an additional five years against the original debtor and subsequent terre tenants. Failure to timely revive causes the loss of the lien on all property owned by the debtor or conveyed by the debtor subject to the lien. A subsequent revival of the judgment doesn't re-establish the lien on this conveyed property. Since a creditor has the ability to retain a lien by a timely revival, there are no constitutional violations.

Because we hold that the statute of limitations bars the appellants' writ of revival of judgment against Olewine's, it is unnecessary to address the issue of whether Olewine's is an innocent purchaser. The order of the trial court is affirmed.