## Popatak v. Evans

*Michael R. Ford,* for plaintiff.
*Alden Earl Bowen,* for defendants.

PENKOWER, *J.,* July 14, 1995—This opinion addresses plaintiff Victor Popatak's motion for summary judgment. The facts of this case are not in dispute. Plaintiff obtained a judgment against defendants Frank

H. Evans and Daniel I. Bayless in the amount of $23,340 which was entered on August 18, 1989. On September 14, 1994, more than five years after entry of judgment, plaintiff filed a praecipe for writ of revival. Defendant Evans asserted in new matter that the praecipe was untimely because of the five year statute of limitations codified at 42 Pa.C.S. §5526. Plaintiff moves for summary judgment directing the prothonotary to issue a writ of revival.

The statute of limitations for revival of judgment liens is codified at 42 Pa.C.S. §5526(1) which reads, "The following actions and proceedings must be commenced within five years: (1) An action for revival of a judgment lien. . . ." There is no dispute that, on its face, the statute has not been complied with since plaintiff's praecipe for writ of revival was filed more than five years after judgment. The pivotal question, however, is whether such untimely filing removes the lien outright, or merely lowers it in priority beneath all other liens on the property.

The revival of judgment liens was formerly governed by the Judgment Lien Law, 12 P.S. §877 et seq.[1] Effective in 1978, the Judgment Lien Law was repealed by the Judiciary Act Repealer Act, 42 P.S. §20001 et seq. However, JARA includes a savings clause at 42 P.S. §20003(b):

---

1. Section 878 provides, "Every judgment now or hereafter entered of record and indexed in any court of record in this Commonwealth shall be a lien upon all real property within the county where the judgment is entered, which at the time of the entry and indexing of the judgment is owned by the person against whom the judgment is entered, and shall, unless sooner discharged as provided by law, continue as a lien as to the defendant and all other persons for a period of five years from the date on which the judgment was entered, and no longer . . . ."

"General rules promulgated pursuant to the Constitution of Pennsylvania and the judicial code in effect on the effective date of the repeal of a statute, shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated."

To date, no such general rules prescribing and providing the "practice and procedure" insofar as they impact on the instant case have been promulgated. Therefore, as to the facts of this case, the revival of judgment liens provisions of the Judgment Lien Law are still in effect. In *Ricci v. Cuisine Management Services,* 423 Pa. Super. 371, 621 A.2d 163 (1993), the Superior Court held that the Judgment Lien Law remains a part of Pennsylvania common law.[2]

Additionally, numerous trial courts in Pennsylvania have found that the Judgment Lien Law is still in effect. In *Truver v. Hasker,* 20 D.&C.3d 769 (Carbon 1981), the Court of Common Pleas for Carbon County ruled that because the Supreme Court had not promulgated such rules, "[I]t is our view that the practice in this

---

2. Defendant argues that the statutory language, "Nothing in this act is intended to revive any act heretofore supplied and repealed by later inconsistent legislation" indicates an outright and immediate repeal of the Judgment Lien Law. In fact, such language necessarily refers to *prior* enactment and repeal of legislation. To read the language as defendant argues would contradict outright the savings clause itself.

Commonwealth of permitting revival of judgment liens after the expiration of the said five year period remains viable." *Truver, supra* at 774. The same proposition and supporting analysis has been adopted by at least three other courts of common pleas. See *Kopperman v. Cohen,* 13 Phila. 302 (1985); *Home Consumer Discount Co. v. Hashagen,* 35 D.&C.3d 668 (Luzerne 1985), and *Mercer County State Bank v. Troy,* 27 D.&C.3d 751 (Mercer 1983).

Given that the practice and procedure of the Judgment Lien Law remains in effect, the only unresolved issue is how the statute treated the revival of liens against real property more than five years after judgment. In 12 P.S. §880, the statute reads, in part:

"All liens . . . against property as to which the lien of the original judgment has been lost, shall be effective as of the date when the writ of scire facias [writ for revival of a lien or judgment] was indexed, and shall, unless sooner discharged as provided by law, continue as a lien for a period of five years from the date of the indexing of the judgment of revival thereon, and no longer, unless the same is revived as provided in this act."

If a lien based upon plaintiff's judgment were revived, it would then still be in effect, but it would lose its priority against all previous liens. This analysis was adopted by the Superior Court in *Swope v. Turner,* 193 Pa. Super. 217, 218-19, 163 A.2d 714, 715 (1960), in which it held,

"Although a judgment may lose its priority in relation to other judgment and mortgages and lose its lien entirely against property conveyed to innocent purchasers for value under certain circumstances, it may nevertheless be reinstated as a lien against remaining property by revival after five years from the date of its entry."

248

It is thus clear that plaintiff's failure to file his praecipe for writ of revival within five years after judgment does not forever extinguish the lien. However, the lien must lose its priority against any liens or encumbrances filed or in effect prior to September 14, 1994.

## ORDER

And now, July 14, 1995, upon due consideration of plaintiff's motion for summary judgment, and for the reasons set forth in the foregoing opinion, it is hereby ordered, adjudged and decreed as follows:

(1) Plaintiff's motion for summary judgment is hereby granted.

(2) The resulting lien on real property shall be of a lower priority than any lien or encumbrance filed or in effect on September 14, 1994.